**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**PHOENIX ENERGY MANAGEMENT, INC.,**

                        **Plaintiff,**

                    - against -

**MAVERICK ENGINEERED PRODUCTS LLC**
**and ERIC BUTLER,**

                        **Defendants.**
-------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**21-CV-0320 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

By Orders to Show Cause dated January 20 and January 29, 2021, this Court advised the parties that the Notice of Removal filed by defendants Maverick Engineered Products LLC ("Maverick") and Eric Butler was defective in its allegations concerning the complete diversity of the parties. See Order to Show Cause (Jan. 29, 2021). Defendants failed to respond to the Court's direction to show cause why this case should not be remanded for lack of subject matter jurisdiction.

## DISCUSSION

This breach of contract action, which was commenced in state court on November 24, 2020, was removed to this Court by defendants on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See generally Notice of Removal (Jan. 20, 2021) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for a lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d

Cir. 1993); 28 U.S.C. § 1447(c).  The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met.  See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).  For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

In the Notice of Removal, the defendant limited liability company (Maverick) alleges only that it is a New Jersey corporation with its principal place of business in New Jersey. See Notice ¶ 10.  However, a limited liability company has the citizenship of each of its individual members, which must be set forth in the notice of removal.  See Mackason v. Diamond Fin. LLC, 347 F.Supp.2d 53, 55-56 (S.D.N.Y. 2004).  Thus, the notice of removal is clearly deficient with respect to diversity of the parties since it lacks any information about the citizenship of the individual members of the defendant limited liability company.  See Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020)  (recommending that the action be remanded *sua sponte* for lack of jurisdiction because diversity of citizenship was not properly alleged in that limited liability company was treated as if it were a corporation), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Henriquez v. NRT Transp. LLC, No. 19-CV-3320 (ARR), 2019 WL 3083161, at *2 (E.D.N.Y. June 25, 2019), adopted, 2019 WL 3081188 (E.D.N.Y. July 15, 2019); Sessing v. Gateway Ctr. Props., LLC, No. 09 Civ. 2485(BMC), 2009 WL 1918162, at *1 (E.D.N.Y. June 30, 2009).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable Carol B. Amon on or before **February 24, 2021**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated: Brooklyn, New York**
    **February 10, 2021**

/s/      *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**